UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Cam-Sam Real Estate
Holding, LLC

      v.                     Civil No. 20-cv-1069-JD
                                  Opinion No. 2021 DNH 002
Mourer-Foster, Inc., and
John T. Foster


O R D E R

Cam-Sam Real Estate Holding, LLC, brings this action against Mourer-Foster, Inc., and John T. Foster (together, "Mourer-Foster"). Cam-Sam alleges that Mourer-Foster, an independent insurance agency, acted improperly in connection with recommending and procuring insurance for Cam-Sam's former tenant. Mourer-Foster moves (doc. no. 5) to dismiss Cam-Sam's complaint, arguing that Cam-Sam's claims are precluded by a final judgment in a prior suit. Cam-Sam objects.


Standard of Review

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court asks whether the complaint contains factual allegations that are sufficient to state a claim to relief that is plausible on its face. Newton Covenant Church v. Great Am. Ins. Co., 956 F.3d 32, 35 (1st Cir. 2020). The court accepts all non-conclusory and non-speculative facts

as true and draws all reasonable inferences in the non-moving party's favor.  Lyman v. Baker, 954 F.3d 351, 360 (1st Cir. 2020).  The court, however, disregards conclusory allegations that simply "parrot the relevant legal standard."  O'Brien v. Deutsche Bank Nat. Tr. Co., 948 F.3d 31, 35 (1st Cir. 2020).


Background

A.    Allegations[1]

Cam-Sam operates a real estate business.  In 2016, it leased one of its properties, located in Hooksett, New Hampshire, to D La Pooch Hotel, LLC.  In connection with the lease, D La Pooch engaged Mourer-Foster to recommend and procure insurance that met certain coverage requirements set by Cam-Sam.  Mourer-Foster recommended an insurance policy to D La Pooch, and D La Pooch purchased the policy with Mourer-Foster's assistance.

"During [D La Pooch's] occupation of the [property]," the property became "severely contaminated and damaged . . . ."  Doc. 1-1 ¶ 16.  The damage and contamination included "animal urine and feces," odors, bacteria, mold, and water damage.  Id.

Cam-Sam initiated legal proceedings in Merrimack County Superior Court against D La Pooch to recover the damages (the

---

[1] The operative complaint (doc. no. 1-1) was filed in state court before Mourer-Foster removed the action to this court.

"Damages Litigation").  Cam-Sam began eviction proceedings against D La Pooch.  D La Pooch left the property in August 2017.

Additionally, both Cam-Sam and D La Pooch pursued claims under the insurance policy that had been procured by Mourer-Foster.  The insurer, however, denied these claims.

Consequently, Cam-Sam began a declaratory judgment action against the insurer (the "Coverage Litigation"), which was removed to the District of New Hampshire.  Cam-Sam Real Estate Holdings, Inc. v. Merchants Mut. Ins. Co., No. 18-cv-433-SM, ECF Doc. No. 1 (D.N.H.).[2]  In the Coverage Litigation, the insurer brought a third-party complaint against D La Pooch and counterclaims against Cam-Sam.  Id., doc. no. 10.  As part of its answer to the insurer's counterclaims, Cam-Sam brought a third-party complaint against Mourer-Foster.  Id., doc. no. 15. D La Pooch and Mourer-Foster were therefore both third-party defendants in the Coverage Litigation.  D La Pooch and Mourer-Foster did not bring any claims against each other in the Coverage Litigation.

The court dismissed Cam-Sam's third-party complaint against Mourer-Foster, and it ultimately granted summary judgment in the

---

[2] The Coverage Litigation was separate from the Damages Litigation.

insurer's favor, finding that the insurance policy did not cover
Cam-Sam's claims.

Cam-Sam and D La Pooch settled the Damages Litigation.  As
part of that settlement, D La Pooch assigned any claims it had
against Mourer-Foster to Cam-Sam.  Cam-Sam then filed this suit,
asserting the claims assigned to it by D La Pooch.

B.    Claims

The complaint in this case contains nine counts, all of
which are based on Mourer-Foster's alleged failure to recommend
and procure insurance that complied with the requirements for
D La Pooch's lease with Cam-Sam.  Specifically, the claims are
for negligence, breach of contract, breach of covenant of good
faith and fair dealing, breach of implied and express
warranties, unjust enrichment, negligent and intentional
misrepresentation, and violation of the New Hampshire Consumer
Protection Act, RSA 358-A:2.  Cam-Sam does not bring any claim
in which its theory of recovery is premised on its own rights as
opposed to those assigned to it by D La Pooch.

## Discussion

Mourer-Foster moves to dismiss the suit on the basis of
claim preclusion.  Mourer-Foster asserts that the claims in this
case should have been brought by either Cam-Sam or D La Pooch in

the Coverage Litigation and that their failure to bring these
claims in the Coverage Litigation bars them from bringing them
now.  Cam-Sam objects, arguing that it was assigned the claims
by D La Pooch and that claim preclusion does not apply to D La
Pooch, which was a third-party defendant in the Coverage
Litigation.  Mourer-Foster filed a reply.

Under the federal standard,[3] "[c]laim preclusion generally
refers to the effect of a prior judgment in foreclosing
successive litigation of the very same claim, whether or not
relitigation of the claim raises the same issues as the earlier
suit."  New Hampshire v. Maine, 532 U.S. 742, 748 (2001); Allen
v. McCurry, 449 U.S. 90, 94 (1984) ("[A] final judgment on the
merits of an action precludes the parties or their privies from
relitigating issues that were or could have been raised in that
action.").  For claim preclusion to apply, there must have been
a final judgment on the merits in a previous suit and a new suit
with sufficient identity between the causes of action and the
parties.  Silva v. City of New Bedford, 660 F.3d 76, 78 (1st
Cir. 2011).  "A 'cause of action' in this context includes 'all
rights of the plaintiff to remedies against the defendant with

---

[3] Cam-Sam seeks claim preclusion based on the judgment in
the Coverage Litigation, which is a federal judgment.  The
preclusive effect of a federal judgment in federal court is
determined by federal common law.  Robb Evans & Assocs., LLC v.
United States, 850 F.3d 24, 32 (1st Cir. 2017).

respect to all or any part of the transaction, or series of connected transactions, out of which the action arose.'" Airframe Sys., Inc. v. Raytheon Co., 601 F.3d 9, 15 (1st Cir. 2010) (quoting United States v. Cunan, 156 F.3d 110, 114 (1st Cir. 1998)).[4]

A.   Effect of Claim Assignment

The claims brought by Cam-Sam in this case were assigned to Cam-Sam by D La Pooch.  "An assignee ordinarily stands in the shoes of the assignor."  Young v. Lepone, 305 F.3d 1, 17 (1st Cir. 2002).  Claims asserted by an assignee are subject to the same defenses as if the claims had been asserted by the assignor.  See id.  For example, a party to a prior suit who is estopped from bringing claims cannot evade the bar by assigning its unasserted claims to a non-party to the prior suit.  E.g., Postal Telegraph Cable Co. v. City of Newport, 247 U.S. 464, 474-75 (1918).

The assignee, however, also receives the same rights as the assignor.  Perry v. Globe Auto Recycling, Inc., 227 F.3d 950, 953 (7th Cir. 2000).  In Perry, the Seventh Circuit addressed similar circumstances, i.e., whether an assignee, like Cam-Sam, who had previously brought its own claims against a defendant

---

[4] The parties agree that a final judgment was entered in the Coverage Litigation.

and lost could acquire and then pursue an assignor's unpressed
claims in a subsequent action.  See id.  The Seventh Circuit
held that "even though [the assignee] could receive no more than
[the assignor] had, it is also true that he received no less.
Since [the assignor] had the right to bring his own claim, that
is what he conveyed to [the assignee] in the assignment."  Id.

Therefore, Cam-Sam, as assignee of D La Pooch's claims,
assumes whatever right D La Pooch has to bring its own claims.
See id. (holding that a plaintiff who was precluded from
asserting his own claims against a defendant because of a final
judgment in prior litigation could nonetheless proceed with
identical claims against same defendant that had been assigned
to him by a non-party to prior litigation).  Accordingly,
whether the claims in this case are barred by claim preclusion
depends on whether the Coverage Litigation precludes claims by
D La Pooch.[5]

---

[5] In its motion to dismiss, Mourer-Foster suggests that
Cam-Sam may have been able to bring claims on D La Pooch's
behalf in the Coverage Litigation, but it does not sufficiently
develop that argument for the court to consider it.  See Doherty
v. Merck & Co., Inc., 892 F.3d 493, 500-01 (1st Cir. 2018).

B.  Applicability of Claim Preclusion to D La Pooch

Mourer-Foster argues that claim preclusion applies to D La Pooch because both it and D La Pooch were parties in the Coverage Litigation, so D La Pooch could have brought these claims in that action.  Cam-Sam responds that D La Pooch was not required to bring claims in the Coverage Litigation.

Mourer-Foster and D La Pooch were both third-party defendants in the Coverage Litigation.  Under Federal Rule of Civil Procedure 14(a)(2)(B), a third-party defendant "may assert . . . any crossclaim against another third-party defendant under Rule 13(g)."  Crossclaims, however, are permissive rather than compulsory.  See Fed. R. Civ. P. 13(g) ("A pleading may state as a crossclaim . . . .").  Therefore, "[a] party who decides not to bring a claim under Rule 13(g) will not be barred by res judicata, waiver, or estoppel from asserting it in a later action, as the party would if the claim were a compulsory counterclaim under Rule 13(a)."  6 C. Wright, A. Miller & M. Kane, Fed. Prac. & Proc. § 1431 (3d Ed.); see also Augustin v. Mughal, 521 F.2d 1215, 1216 (8th Cir. 1975) ("[A] party to an action having a claim in the nature of a cross-claim has the option to pursue it in an independent action."); Alaska v. U.S. Dep't of Agric., 273 F. Supp. 3d 102, 116 (D.D.C. 2017).  Therefore, even if D La Pooch, as a third-party defendant, might

have brought claims against its putative[6] co-party Mourer-Foster
in the Coverage Litigation, D La Pooch was under no obligation
to do so.  Because D La Pooch was under no obligation to bring
the claims asserted in this action in the Coverage Litigation,
Cam-Sam, as assignee of the claims, is not precluded from
pursuing the claims in this action.  See Perry, 227 F.3d at 953.

## Conclusion

For the foregoing reasons, Mourer-Foster's motion to
dismiss (doc. no. 5) is denied.

SO ORDERED.


Joseph A. DiClerico, Jr.
United States District Judge


January 4, 2021

cc:  Counsel of record.

---

[6] Mourer-Foster and D La Pooch became third-party defendants
in the Coverage Litigation through separate third-party
complaints filed by different third-party plaintiffs.  It is
unclear, therefore, whether they were in fact co-defendants in
the Coverage Litigation and whether D La Pooch would have been
permitted to file a crossclaim against Mourer-Foster.  The court
assumes, without deciding, for purposes of deciding the present
motion only that Rule 14(a)(2)(B) would permit the filing of a
crossclaim between third-party defendants who entered the case
through separate third-party complaints from different third-
party plaintiffs.